IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 14-cv-01548-RBJ

ENSERCO ENERGY, LLC, a Delaware limited liability company, and
ENSERCO MIDSTREAM, LLC, a South Dakota limited liability company,

    Plaintiffs,

v.

JOHN P. BAUGUES, JR., an individual,
DORCHESTER COAL COMPANY, LP, a Delaware limited partnership,
DORCHESTER LAND COMPANY, LLC, a Delaware limited partnership,
DORCHESTER MINING COMPANY, LLC, a Delaware limited partnership,
DORCHESTER COAL PROCESSING, LLC, a Delaware limited partnership,
CARBONADO COAL COMPANY, LP, a Delaware limited partnership,
COAL MOUNTAIN MINING, LP, a Delaware limited partnership, and
MARTIN COUNTY LAND COMPANY, LLC, a Delaware limited partnership,

    Defendants.

## ORDER

This matter is before the Court on Plaintiffs' Motion to Remand [ECF No. 14]. The motion was filed on July 2, 2014 and is ripe for review as the defendants failed to file a response. The Court finds that the defendants failed to meet their burden to remove the case, and that the case, as pled, was not properly removable. The Court therefore remands this case to state court.

### PROCEDURAL POSTURE

The plaintiffs filed their original Complaint in the District Court of Denver on March 10, 2014. [ECF No. 5]. The Complaint included eight causes of action, all of which arise solely under state law. Each of the entity defendants was served with process on or about April 18, 2014. The sole individual defendant, Mr. Baugues, was served with process on May 3, 2014.

The case was removed on June 2, 2014, within thirty (30) days of Mr. Baugues' having been served.[1] According to the removal notice, the case was removed pursuant to diversity jurisdiction under 28 U.S.C. § 1332(a).

## ANALYSIS

The right to remove is contingent upon the existence of original jurisdiction in federal court. *See* 28 U.S.C. § 1441(a). "Federal courts are courts of limited jurisdiction and, as such, must have a statutory basis to exercise jurisdiction." *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). The party asserting jurisdiction has the burden of establishing its existence. *Id.* (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). As the defendants are invoking the Court's jurisdiction in this case, they "bear the burden of establishing that the requirements for the exercise of diversity jurisdiction are present." *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001). Further, "[d]efendant's right to remove and plaintiff's right to choose his forum are not on equal footing; for example, unlike the rules applied when a plaintiff has filed suit in federal court with a claim that, on its face, satisfies the jurisdictional amount, removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Id.* at 1289–90 (quoting *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)).

Diversity jurisdiction exists where there is complete diversity between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). None of the parties dispute that

---

[1] Mr. Baugues serves as President of all of the entity defendants. He is also the sole member of the limited liability companies that serve as the sole general partners of the four limited liability partnerships. Affidavit of John P. Baugues, Jr. [ECF No. 1-11] at ¶¶ 8, 10–11, 15–16, 19–20, 23–24. According to the plaintiffs, these facts inevitably lead to the conclusion that Mr. Baugues was aware of the pending action and had received "constructive receipt" of it through service on the entity defendants. Plaintiffs' Motion to Remand [ECF No. 14] at 13. The plaintiffs argue that this constructive receipt renders removal untimely. Because the Court decides this motion on other grounds, it does not reach the merits of this argument.

the amount in controversy far exceeds $75,000 in this case. The question is whether the defendants have carried their burden of proof that there is complete diversity between the parties. I find that they have not.

The notice of removal begins by asserting that there is complete diversity of citizenship. Notice of Removal [ECF No. 1] at Part II. In particular, Mr. Baugues states that all of the defendants are citizens of Tennessee, and that "[u]pon information and belief, the Plaintiffs are *most likely* citizens of the State of Colorado." *Id.* at ¶¶ 13, 15 (emphasis added). Mr. Baugues bases this hypothesis on the fact that Enserco Energy, LLC and Enserco Midstream, LLC have offices located in Denver, Colorado. However, "a limited liability company is a citizen of the states of which its members are citizens . . . ." *Hale v. MasterSoft Int'l Pty. Ltd.*, 93 F. Supp. 2d 1108, 1112 (D. Colo. 2000) (collecting cases). Only a corporation is deemed a citizen of the State in which it has its principal place of business. *See* 28 U.S.C. § 1332(c). Mr. Baugues also acknowledges that "it is possible that either (or both) of the Plaintiffs is a citizen of the State of Texas." Notice of Removal [ECF No. 1] at ¶ 14. Mr. Baugues once again incorrectly bases his theory of the plaintiffs' citizenship on the location of a limited liability company's principal place of business. In particular, Mr. Baugues notes that that Enserco Energy is a subsidiary of Twin Eagle Resource Management, LLC, which has its principal office in Houston, Texas. *Id.* Notably, Mr. Baugues fails to discuss the citizenship of the members of the plaintiff limited liability companies at any point in the notice of removal. The Court therefore has no information whatsoever with which to determine the citizenship of the plaintiffs.

Moving along, Mr. Baugues states that in the case of the four limited partnership defendants, "several of the limited partners are *believed* to be citizens of Texas." *Id.* at ¶ 16

(emphasis added).[2]  Mr. Baugues postulates the citizenship of the limited partners based on tax returns and other records.  Affidavit of John P. Baugues, Jr. [ECF No. 1-11] ¶¶ 12, 17, 21, 25.  However, there are a number of problems with this method for determining citizenship.  First, it is unclear whether these addresses indicate individual residences or business addresses.  Second, even if the addresses were residential, residence and citizenship are not coterminous.  *See Sun Printing & Publ'g Ass'n v. Edwards*, 194 U.S. 377, 382 (1904).  Simply being a resident of a State does not render an individual a citizen of it.  Instead, to become a citizen of a State an individual must both set up a domicile in that State and intend to stay there.  *Id.* at 383.  "Either without the other is insufficient."  *Id.*  In this case, no information has been provided, nor a declaration made, that these limited partners not only reside in Texas, but also intend to remain in Texas.  Furthermore, there has been no discussion of the citizenship of the other limited partners, though addresses for them have also been provided in Exhibit A to Mr. Baugues' affidavit [ECF No. 1-11 ay 6–7].  As such, the Court has no information whatsoever with which to determine the citizenship of the limited partners of the limited partnership defendants.

Each of the four limited partnership defendants also has one general partner, a limited liability company of which Mr. Baugues is the sole member.  Affidavit of John P. Baugues, Jr. [ECF No. 1-11] at ¶¶ 10–11, 15–16, 19–20, 23–24.  Though Mr. Baugues has not asserted that he is a citizen of any state, he has declared that he resides primarily within Tennessee and that he resides part-time in Montana.  *See id.* at ¶¶ 6–7.  Because residence and citizenship are not coterminous, the Court can only assume, without deciding, that Mr. Baugues is likely a citizen of Tennessee or Montana.  However, without more information the Court cannot determine Mr. Baugues' State of citizenship.

---

[2] For purposes of diversity citizenship, the Court must look to the citizenship of all of a limited partnership's members, including both the limited and general partners.  *See Carden v. Arkoma Associates*, 494 U.S. 185, 195 (1990).

Finally, the three limited liability company defendants—Dorchester Land Company, LLC; Dorchester Mining Company, LLC; and Dorchester Coal Processing, LLC—are all wholly owned subsidiaries of Dorchester Coal Company, LP.[3]  Affidavit of John P. Baugues, Jr. [ECF No. 1-11] at ¶ 13.  At no point does Mr. Baugues discuss the members of these limited liability companies or their citizenship.  Instead, he only notes that for each of them their principal office is located in Knoxville, Tennessee.  As discussed earlier, this information is irrelevant to the Court's citizenship analysis.  Once again, the Court has no information whatsoever with which to determine the citizenship of the members of the limited liability company defendants.

It is troubling, to say the least, that Mr. Baugues did not fully investigate the citizenship of the partners of the limited partnership defendants and also completely failed to investigate the citizenship of the members of the limited liability company parties before filing this notice of removal.  Even more confusing is his failure to declare his own citizenship.  The Court cannot assert diversity jurisdiction over an action based on mere presumptions of citizenship.  Further, the Complaint itself is of no assistance.  It does not list the citizenship of the members and partners of any of the entity parties or of Mr. Baugues.  *See* Complaint [ECF No. 5] at ¶¶ 2–12.  Of course, the pleading is perfectly sufficient without this information, as the plaintiffs did not file this lawsuit in federal court and, as such, did not assert diversity jurisdiction over the action.

Suffice to say, the defendants have far from carried their burden in filing this notice of removal.  From what has been filed, including the Complaint, the Court has absolutely no

---

[3] "[W]hen an entity consists of multiple tiers of ownership and control, the entire structure must be considered for diversity purposes.  In other words, when an entity is composed of multiple layers of constituent entities, the citizenship determination requires an exploration of the citizenship of the constituent entities as far down as necessary to unravel fully the citizenship of the entity before the court." *Burge v. Sunrise Med. (US) LLC*, No. 13-CV-02215-PAB-MEH, 2013 WL 6467994, at *2 (D. Colo. Dec. 9, 2013).

information with which to determine the citizenship of any of the parties to this action and therefore must remand the case for lack of subject matter jurisdiction.

The plaintiffs ask this Court to award them their costs and expenses, including attorneys' fees, incurred in responding to the defendants' notice of removal. Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." In deciding whether to award costs, the Court must ask whether there was an "objectively reasonable basis" for removal. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The Court finds that there was no objectively reasonable basis for removal on the face of the notice. The defendants appear to have been quite aware that there might not be diversity at the time of removal, even going so far as to ask the Court to dismiss four of the "non-essential" defendants in order to manufacture diversity. *See* Notice of Removal [ECF No. 1] at ¶¶ 18–20. More importantly, the defendants conducted no investigation into the citizenship of any of the parties to the action before filing their notice of removal. As such, the plaintiffs' request for costs and expenses, including attorney's fees, is granted.

The parties are to confer in good faith as to the reasonable costs and expenses. Should the parties be unable to come to an agreement as to the amount owed, the determination of the reasonableness of the costs and fees will be reserved to the state court. *See Hodach v. Caremark RX, Inc.*, 374 F. Supp. 2d 1222, 1226 (N.D. Ga. 2005) (exercising its discretion in holding that the determination as to reasonableness of cost and fees would be reserved to the state court because "litigating this case on dual tracks—the substantive issues in the Superior Court, and the ancillary costs and expenses issue in this Court—would be inefficient and would further delay the processing of the case").

6

## ORDER

For the foregoing reasons, Plaintiffs' Motion to Remand [ECF No. 14] is GRANTED. This case is hereby REMANDED to the state court. The plaintiffs shall be awarded their just costs and actual expenses, including attorneys' fees, pursuant to 28 U.S.C. § 1447(c).

DATED this 31st day of July, 2014.

BY THE COURT:

*[signature: Brooke Jackson]*

_____
R. Brooke Jackson
United States District Judge